# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT DAYTON

DAVID A. GALYEN,

                       : 

        Petitioner,                          Case No. 3:06-cv-381

                       :             District Judge Thomas M. Rose

    -vs-                              Chief Magistrate Judge Michael R. Merz

ERNIE MOORE, Warden,

                       : 

        Respondent.

---

## REPORT AND RECOMMENDATIONS ON MOTION FOR CERTIFICATE OF APPEALABILITY; ORDER GRANTING LEAVE TO APPEAL *IN FORMA PAUPERIS*

---

This habeas corpus action is before the Court on Petitioner's Notice of Appeal with appended request for certificate of appealability (Doc. No. 14) and Motion for Leave to Proceed on Appeal *in forma pauperis* (Doc. No. 15).  On its face, the Notice of Appeal shows that this appeal is not frivolous and permission to appeal *in forma pauperis* is GRANTED.

A person in custody upon a state conviction seeking to appeal an adverse ruling on a petition for writ of habeas corpus in the district court must obtain a certificate of appealability before proceeding.  28 U.S.C. §2253 as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the "AEDPA"), provides in pertinent part:

> (c)
> (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from--
> > (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or

-1-

        (B) the final order in a proceeding under section 2255.

        (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

        (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

District courts have the power to issue certificates of appealability under the AEDPA in §2254 cases. *Lyons v. Ohio Adult Parole Authority*, 105 F.3d 1063 (6th Cir. 1997); *Hunter v. United States*, 101 F.3d 1565 (11th Cir. 1996)(en banc). Likewise, district courts are to be the initial decisionmakers on certificates of appealability under §2255. *Kincade v. Sparkman*, 117 F.3d 949 (6th Cir. 1997)(adopting analysis in *Lozada v. United States*, 107 F.3d 1011, 1017 (2d Cir. 1997). Issuance of blanket grants or denials of certificates of appealability is error, particularly if done before the petitioner requests a certificate. *Porterfield v. Bell,* 258 F.3d 484(6th Cir. 2001); *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001).

        To obtain a certificate of appealability, a petitioner must show at least that "jurists of reason would find it debatable whether the petition states a valid claim of denial of a constitutional right." *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595, 1604, 146 L. Ed. 2d 542 (2000). That is, it must find that reasonable jurists would find the district court's assessment of the petitioner's constitutional claims debatable or wrong or because they warrant encouragement to proceed further. *Banks v. Dretke*, 540 U.S. 668, 705 (2004); *Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003). If the district court dismisses the petition on procedural grounds without reaching the constitutional questions, the petitioner must also show that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Slack*, 529 U.S. at 484, 120 S. Ct. at 1604. The

procedural issue should be decided first so as to avoid unnecessary constitutional rulings. *Slack*, 529 U.S. at 485, 120 S. Ct. at 1604, citing *Ashwander v. TVA*, 297 U.S. 288, 347, 56 S. Ct. 466, 80 L. Ed. 688 (1936)(Brandeis, J., concurring). The first part of this test is equivalent to making a substantial showing of the denial of a constitutional right, including showing that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further, *Slack v. McDaniel*, 529 U.S. 473 at 484, 120 S. Ct. 1595, 1604, 146 L. Ed. 2d 542 (2000), quoting *Barefoot v. Estelle,* 463 U.S. 880, 893, 103 S. Ct. 3383, 77 L. Ed. 2d 1090 (1983). The relevant holding in *Slack* is as follows:

> [W]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue (and an appeal of the district court's order may be taken) if the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

529 U.S. 473, 478, 120 S. Ct. 1595, 1600-1601. The standard is higher than the absence of frivolity required to permit an appeal to proceed *in forma pauperis.  Id.* at 893.

> Obviously the petitioner need not show that he should prevail on the merits... Rather, he must demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are 'adequate to deserve encouragement to proceed further.'

*Id.* n.4. *Accord, Miller-El v. Cockrell*, 537 U.S. 322, 123 S. Ct. 1029, 1039-1040, 154 L.Ed.2d 931 (2003). A certificate of appealability is not to be issued *pro forma* or as a matter of course. *Id*. at 1040. Rather, the district and appellate courts must differentiate between those appeals deserving attention and those which plainly do not. *Id*. A blanket certificate of appealability for all claims is

improper, even in a capital case. *Frazier v. Huffman*, 348 F.3d 174 (6th Cir. 2003), *citing Porterfield v. Bell,* 258 F.3d 484 (6th Cir. 2001).

Petitioner proposes to present three issues to the Court of Appeals:

1.      The district court erred in failing to apply the "state-created impediment" doctrine to trigger equitable tolling of the limitations period.

2.      The district court erred in determining that appellant had no right to appeal under Ohio law and thus was not deprived of his due process and equal protection right to access available appellate remedies.

3.      The district court erred as a matter of law in holding that the sentencing in this case was "constitutional at the time it was applied here."

(Notice of Appeal and Application, Doc. No. 14, at 2, 3, and 5.)  The three issues will be considered separately.


**Equitable Tolling**


As concluded in the Report and Recommendations on the merits, Petitioner's conviction became final when he was sentenced on January 29, 2004, if he had no right to appeal, or on February 28, 2004, the date his right to appeal expired if he had one.  The Petition here was not filed until December 1, 2006, almost three years later.

Petitioner's theory is that (1) his trial attorney was ineffective for not telling him he had a right to appeal, (2) this constitutes a state-created impediment to his filing a habeas petition because he had to exhaust his delayed appeal remedy first , (3) he did not learn of his right to appeal until

-4-

October, 2005.  This theory was rejected in the Report and Recommendations on the merits because nothing the State did prevented Petitioner from learning of the one-year federal statute of limitations or filing a habeas petition within one year after his conviction became final.  In particular, the fact that one has not exhausted an available state court remedy does not prevent one from filing in federal court.  The State may waive the exhaustion requirement or the petitioner can seek a federal stay pending exhaustion.  *Rhines v. Weber*, 544 U.S. 269, 125 S. Ct. 1528, 161 L. Ed. 2d 440 (2005); *Palmer v. Carlton*, 276 F. 3rd 377 (6th Cir. 2002);  *Hill v. Anderson*, 300 F.3d 679, 683 (6th Cir. 2002).

Reasonable jurists would not, therefore, disagree with this Court's ruling on equitable tolling and Petitioner should not be granted a certificate of appealability on his first issue.

## Ohio Right to Appeal

Petitioner's right to appeal his sentence turns on the proper interpretation of Ohio Revised Code § 2953.08.  The correct interpretation of that statute, in conjunction with *State v. Foster*, 109 Ohio St. 3d 1, 845 N.E. 2d 470 (2006);  *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L. Ed. 2d 403 (2004); and *Washington v. Recuenco*, 548 U.S. ___, 126 S. Ct. 2546, 165 L. Ed. 2d 466 (2006), is certainly debatable among jurists of reason.  Mr. Galyen should be granted a certificate of appealability on his second proposed assignment of error.

## Constitutionality of Sentence

-5-

Based on the arguments made by Petitioner and particularly the decision of Judge Frost in *Villagarcia v. Warden,* 2007 U.S. Dist. LEXIS 23796 (S.D. Ohio 2007), the questions raised by Petitioner's third proposed assignment of error are debatable among jurists of reason and a certificate of appealability should be granted on this question.

## Conclusion

Petitioner's request for a certificate of appealability should be denied on the statute of limitations question and granted on the other two issues.[1]

June 11, 2007.

s/ **Michael R. Merz**
Chief United States Magistrate Judge

---

[1]Issues two and three will not become moot if a certificate is denied on the first issues because the Court of Appeals can still issue a certificate of appealability on an issue even if this Court denies one.

-6-